# Mississippi Electronic Courts
## Fourteenth Circuit Court District (Pike Circuit Court)
### CIVIL DOCKET FOR CASE #: 57CI1:20-cv-00082

BATES et al v. MCCOMB NURSING AND REHABILITATION CENTER, LLC
Assigned to: David H. Strong

**Upcoming Settings:**

None Found

Date Filed: 08/13/2020
Current Days Pending: 29
Total Case Age: 29
Jury Demand: Plaintiff
Nature of Suit: 175 Other Torts

---

**Plaintiff**

T. STEPHEN BATES, INDIVIDUALLY

represented by **Philip Carey Hearn**
P. O. Box 5009
JACKSON, MS 39296
601-720-3541
Fax: 601-969-2161
Email: philiphearn@yahoo.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

ALL WRONGFUL DEATH BENEFICIARIES OF MARY BATES

represented by **Philip Carey Hearn**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

MCCOMB NURSING AND REHABILITATION CENTER, LLC

represented by **William Davis Frye**
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400
P.O. Box 6010
RIDGELAND, MS 39157
601-985-4277
Fax: 601-985-4500
Email: davis.frye@butlersnow.com
*ATTORNEY TO BE NOTICED*

Certified to be a true copy this
the 11th day of Sept. 2020
_Roger A. Graves_
Circuit Clerk, Pike County
By: Kayla Roberts

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2020 | 1 | Civil Cover Sheet. (Roberts, Kayla) (Entered: 08/13/2020) |
| 08/13/2020 | 2 | COMPLAINT (JURY TRIAL DEMANDED) against MCCOMB NURSING AND REHABILITATION CENTER, LLC, filed by T. STEPHEN BATES, INDIVIDUALLY, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF MARY BATES. (Roberts, Kayla) Modified on 8/17/2020 (Roberts, Kayla). (Entered: 08/13/2020) |
| 08/13/2020 | 3 | PAYMENT - Amount Received: $161.00. Remarks: Initial Filing Fee. Receipt # 86794. (Roberts, Kayla) (Entered: 08/13/2020) |
| 08/13/2020 | 4 | SUMMONS Issued to MCCOMB NURSING AND REHABILITATION CENTER, LLC. (Roberts, Kayla) (Entered: 08/13/2020) |
| 09/09/2020 | 5 | NOTICE of Notice of Removal by MCCOMB NURSING AND REHABILITATION CENTER, LLC (Attachments: # 1 Exhibit A - Notice of Removal,) (Frye, William) (Entered: 09/09/2020) |

| 09/09/2020 | 6 | NOTICE of Appearance by William Davis Frye on behalf of MCCOMB NURSING AND REHABILITATION CENTER, LLC (Frye, William) (Entered: 09/09/2020) |

Case: 25CI1:20-cv-00082    Document #: 1    Filed: 08/13/2020    Page 1 of 1

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts — (Rev 2016)

**Court Identification Docket #:** 57 / 14 / CI   **Case Year:** 2020   **Docket Number:** 82   **Local Docket ID:** PCS

**Date:** 08/13/20 (This area to be completed by clerk)

In the **CIRCUIT** Court of **PIKE** County — **14** Judicial District

**Origin of Suit:** [X] Initial Filing

**Plaintiff - Individual:** Bates, T. Stephen
[X] Check if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate — Estate of: _____

**Attorney (Name & Address):** Philip C. Hearn, Esq., 1510 N. State Street, Suite 301, Jackson, MS 39202   **MS Bar No.** 9366

Signature of Individual Filing: /s/ Philip C. Hearn

**Defendant - Business:** McComb Nursing and Rehabilitation Center, LLC

**Nature of Suit (Torts):** [X] Other — Negligence

IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

T. STEVEN BATES, INDIVIDUALLY, AND
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF MARY BATES                    PLAINTIFF

V.                                              CAUSE NO.: 20-082-PCS

MCCOMB NURSING & REHABILITATION CENTER, LLC          DEFENDANT

### COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiff T. Steven Bates, individually and on behalf of the wrongful death beneficiaries of Mary Bates, Deceased, by and through his counsel of record, and files this Complaint for damages against Defendant McComb Nursing & Rehabilitation Center, LLC, stating grounds as follows

### I.    INTRODUCTION

1. This is a Complaint for wrongful death, negligence, nursing home abuse and neglect, gross negligence, and reckless disregard for the safety of Mary Bates, failure to provide the minimal standard of care, and for recovery of monetary damages for the death and personal injuries sustained by Mary Bates as a result of the conduct of the Defendant.

### II.    PARTIES

2. Plaintiff T. Steven Bates is an adult resident citizen of Pike County, MS. He brings this suit in his individual capacity and on behalf of all wrongful death beneficiaries of Mary Bates, Deceased.

3. Defendant McComb Nursing & Rehabilitation Center, LLC ["McComb Nursing & Rehab"] is a Mississippi corporation with its principal place of business located at 415 Marion Avenue, McComb, MS 39648. Defendant McComb Nursing & Rehab may be served with process

FILED
PIKE COUNTY, MISS.
AUG 13 2020
BY KRR  ROGER A. GRAVES
        CIRCUIT CLERK

1

by service upon its Registered Agent, United Corporate Services Inc., whose business address is 248 E. Capitol Street, Suite 840, Jackson, MS 39201.

### III.   JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to the Mississippi Constitution of 1892 and Mississippi Code Ann. § 9-7-81, as the amount of damages sought is within the jurisdictional limits of this Court.

5. Venue is proper in Hinds County since the conduct at issue occurred in whole or in part in Pike County, Mississippi, and the Defendant resides in Pike County, Mississippi.

### IV.   ATTORNEY CERTIFICATE

6. The provisions of Mississippi Code Annotated § 11-1-58 regarding consultation with an expert witness have been complied with. The undersigned attorney has reviewed the facts of the case, has consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and Mississippi Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and who the undersigned reasonably believes is knowledgeable in the relevant issues involved in the particular action and the undersigned has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action. In addition, the undersigned attorney has concluded on the basis of his own investigation that there is a reasonable basis for the commencement of this action.

7. By Certified Letter dated August 9, 2019, the undersigned delivered Plaintiff's Notice of Claim to McComb Nursing & Rehabilitation Center pursuant to Mississippi Code Annotated § 15-1-36, which requires that sixty (60) days' notice of intent to file suit be given. Said Notice of Claim was signed for by Defendant on August 12, 2019. Thus, all statutory and administrative requirements for filing suit have been met.

## V. FACTS

8. Ms. Bates suffered from a stroke in March or April of 2018 and passed away on August 13, 2018. She received her initial treatment at Southwest Regional Medical Center in McComb, Mississippi. During this time it was determined that she should be sent to a nursing home to assist her with her daily living and her family agreed to send her to McComb Nursing and Rehabilitation in McComb, Mississippi. During her stay at McComb Nursing and Rehab, Ms. Bates suffered serious neglect by the medical staff's failure to turn and or alternate her position while she remained bed bound. This failure resulted in bedsores on her buttocks. She also suffered from severe dehydration and hypermatremia, UTI, acute kidney injury, toxic metabolic encephalopathy, a failure to thrive, and she had a history of CVA with hemiplegia and contractions, and a history of HTN, hyperlipidemia, DM, dysphagia and arthritis.

9. Despite these conditions, Ms. Bates still experienced inattention and complete apathy for her state and the situation further deteriorated. The many instances of neglect were the result of the negligence of the McComb Nursing Home and Rehab physicians, the treating nurses, and other staff members who were charged with providing care to Ms. Bates, with responsibility for said deficient care imputed to Defendant. Ms. Bates as well as her family members voiced their concerns to the staff at McComb Nursing Home and Rehab, but no corrective and/or preventative measures were taken. The negligent acts of McComb Nursing Home and Rehab and its staff include, but are not limited to, the following:

- Failure to properly monitor and care for Mary Bates and ensure proper positioning;
- Failure to properly monitor and consistently check Mary Bates for decubitus ulcers;

- Failure to properly follow physician's orders for rotating positions and offloading to prevent and heal his decubitus ulcers.
- Failure to properly monitor Mary Bates' condition.

10. As stated above, Ms. Bates and her family repeatedly voiced their concerns to nurses and other staff, but to no avail. Corrective measures were never taken to provide appropriate care to Ms. Bates. McComb Nursing Home and Rehab, the limited liability entities, officers, representatives, employees, co-partners, and fellow LLC representatives and members (hereinafter collectively referred to as McComb Nursing Home and Rehab) and its staff represented to Ms. Bates that she would be taken care of; that she would have proper nursing care; and that she would be attended with the normal professional standard nursing care. McComb Nursing Home and Rehab, its officers, directors, representatives, members of the LLC, agents, and/or employees and staff were negligent in their treatment of Ms. Bates by failing to adhere to the proper standard of care; and their negligence was a proximate cause of the development of her decubitus ulcers, dehydration, and malnutrition, and/or other injuries.

11. The staff violated the standard of care by failing to timely and frequently examine and treat Mary Bates, Deceased; because if they had, they would have been aware of Ms. Bates' condition and she would have received treatment of her conditions. Defendant simply ignored Ms. Bates's condition and concerns. The staff was negligent by not monitoring Mary Bates; not turning Mary Bates on a strict schedule in an effort to prevent the decubitus ulcers and/or other injuries; and for failing to refer her for a higher level of care before her condition required hospitalization.

12. The conduct of Defendant did not meet the minimum requirements for the standard of care due and owed to Ms. Bates. The physicians, nurses, pharmacy and other staff of these

4

facilities were negligent in their treatment of Ms. Bates by failing to adhere to the proper standard of care; and their negligence was a proximate cause of her deteriorating condition and ultimately, her death.

## VI. CLAIMS FOR RELIEF

### A. NEGLIGENCE

13. The Defendant and its employees were negligent in their care and treatment of Mary Bates.

14. As a result of the negligence of the Defendant and its employees Mary Bates suffered injuries and died.

15. The negligence committed by the Defendant and its employees was proximately caused by the management of the facilities and resulted in injuries and death to Mary Bates.

### B. NEGLECT and ABUSE

16. As a resident of the facility, the Defendant owed Mary Bates a duty to exercise reasonable care to prevent neglect and abuse of Mary Bates while she was a resident of the Facility.

17. Neglect includes the failure of a caretaker to supply a vulnerable adult with the food, clothing, shelter, healthcare, supervision, or other services that were necessary to maintain her mental and physical health. Failure to provide the minimum standard of care constitutes neglect and abuse.

18. Neglect and/or abuse of a nursing home resident is a breach of the applicable standard of care.

19. The Defendant and its employees neglected and abused Mary Bates in violation of Mississippi law, which caused her to suffer damages and death.

20. The neglect and abuse of Mary Bates was willful or wanton conduct in reckless disregard of the safety of Mary Bates and justifies an award of punitive damages against the Defendant.

21. The neglect and abuse of Mary Bates committed by the Defendant's employees was proximately caused by the breach of the minimum standard of care owed to Mary Bates.

### C. GROSS NEGLIGENCE

22. The Defendant is liable for all negligent acts and omissions committed by its employees and agents who provided care or were supposed to provide care to Mary Bates.

23. Defendant's employees and agents were grossly negligent in their care of Mary Bates.

24. Defendant's employees and agents were also grossly negligent in failing to provide Mary Bates with adequate care and treatment.

25. Defendant's employees managed and operated the Facility in a willful, reckless and wanton manner with respect to the health of Mary Bates and other residents at McComb Nursing & Rehab.

26. Judgment should be entered against Defendant and damages awarded to Plaintiff in an amount adequate to compensate Plaintiff for the death of Mary Bates and the physical pain and suffering and mental anguish suffered by Mary Bates caused by the gross negligence of Defendant and its employees and agents.

### VII. RELIEF DEMANDED

27. Plaintiff requests economic damages against Defendant in an amount equal to all sums collected by Defendant to provide care or treatment to Mary Bates during all time periods

when the agreed-on level of care was not provided, and any and all other economic damages available to Plaintiff.

28. Plaintiff requests damages for physical pain and suffering and mental anguish against Defendant in an amount not less than $500,000.00.

29. Plaintiff requests punitive damages against Defendant for its willful or wanton conduct in reckless disregard for the safety of Mary Bates.

30. Plaintiff requests any other actual, compensatory, consequential, incidental, and punitive damages to which he or Mary Bates is or was entitled to recover under Mississippi law.

31. Plaintiff requests attorneys' fees, costs, expenses, pre-judgment and post-judgment interest allowed by law and any other relief deemed appropriate by the Court.

**WHEREFORE**, requests a jury trial and that he be awarded all damages that he and the wrongful death beneficiaries of Mary Bates are entitled to recover.

This the 12th day of August, 2020.

Respectfully Submitted,

T. STEVEN BATES, INDIVIDUALLY, AND FOR AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF MARY BATES

PHILIP C. HEARN, ESQ

OF COUNSEL:

Philip C. Hearn, Esq. (MSB #9366)
HEARN LAW FIRM, P.A.
Post Office Drawer 5009
Jackson, MS 39296-5009
Telephone: 601.720.3541
Facsimile: 601.969.2161
Email: philiphearn@yahoo.com

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

T. STEVEN BATES, INDIVIDUALLY, AND
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF MARY BATES                              **PLAINTIFF**

V.                                               CAUSE NO.: 20-082-PCS

MCCOMB NURSING & REHABILITATION CENTER, LLC                    **DEFENDANT**

### SUMMONS

### (Process Server)

TO:   McComb Nursing & Rehabilitation Center, LLC
      Registered Agent: United Corporate Services Inc.
      248 E. Capitol Street, Suite 840
      Jackson, MS 39201

### NOTICE TO DEFENDANT(S)

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the attached Complaint to Philip C. Hearn, attorney for the Plaintiff, whose physical address is 1510 North State Street, Suite 301, Jackson, MS 39202 and whose mailing address is P.O. Drawer 5009, Jackson, Mississippi 39296-5009. Your response to the Complaint must be mailed or hand delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of this Court, this the 13th day of August, 2020.

PIKE COUNTY CIRCUIT CLERK

_[signature]_ Circuit Clerk    BY: _Kayla Roberts_ Deputy Clerk

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

T. STEVEN BATES, INDIVIDUALLY, AND
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF MARY BATES                                    PLAINTIFF

V.                                                          CAUSE NO. 20-CV-00082

MCCOMB NURSING & REHABILITATION                                       DEFENDANT
CENTER, LLC

### NOTICE OF FILING NOTICE OF REMOVAL

Defendant McComb Nursing and Rehabilitation Center, LLC hereby gives notice to the Circuit Court of Pike County, Mississippi, that Defendant has filed a Notice of Removal with the United States District Court for the Southern District of Mississippi, Western Division, and that this case has been removed to that court. A true and correct copy of the Notice of Removal, without exhibits, is attached as **Exhibit "A."**

This 9th day of September 2020.

    Respectfully submitted,

    MCCOMB NURSING AND
    REHABILITATION CENTER, LLC

    By Its Attorneys,

    BUTLER SNOW LLP

    *W. Davis Frye*
    W. Davis Frye (MB No. 10671)
    Clay Gunn (MB No. 102920)
    Caroline C. Loveless (MB No. 105960)
    BUTLER SNOW LLP
    MAILING: Post Office Box 6010
    Ridgeland, Mississippi 39158-6010
    PHYSICAL: 1020 Highland Colony Parkway
    Suite 1400
    Ridgeland, Mississippi 39157

Tel.: (601) 985-4277  
Fax: (601) 985-4500  
Davis.Frye@butlersnow.com  
Clay.Gunn@butlersnow.com  
Caroline.Loveless@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document with the Clerk of the Court using the Court's MEC system, which sent notification of such filing to all counsel of record, including the following:

> Phillip C. Hearn  
> HEARN LAW FIRM, P.A.  
> Post Office Drawer 5009  
> Jackson, Mississippi 39296-5009  
> philliphearn@yahoo.com

**ATTORNEY FOR PLAINTIFF**

THIS the 9th day of September 2020.

/s/ Davis Frye  
DAVIS FRYE

54388197.v1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

T. STEVEN BATES, INDIVIDUALLY, AND
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF MARY BATES                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. _____

MCCOMB NURSING & REHABILITATION                                      DEFENDANT
CENTER, LLC

### NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
      THE SOUTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION

Roger A. Graves, Clerk
CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI
P.O. Box 301
Magnolia, MS 39562

Phillip C. Hearn
HEARN LAW FIRM, P.A.
Post Office Drawer 5009
Jackson, Mississippi 39296-5009
philliphearn@yahoo.com

ATTORNEY FOR PLAINTIFFS

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant McComb Nursing and Rehabilitation Center, LLC ("McComb") files this Notice of Removal of the civil action styled *T. Steven Bates, Individually, and on behalf of all wrongful death beneficiaries of Mary Bates v. McComb Nursing and Rehabilitation Center, LLC*; Cause No. 20-cv-00082, from the Circuit Court of Pike County, Mississippi, to the United States District Court

-1-

**EXHIBIT A**

for the Southern District of Mississippi, Western Division. In support of this Notice, McComb states the following:

1. Plaintiff T. Steven Bates filed this medical negligence action in the Circuit Court of Pike County Mississippi, on August 13, 2020. The lawsuit arises out of the care and treatment provided to Mary Bates while a resident of McComb. According to the Complaint, Mary Bates suffered injuries as a result of McComb's alleged negligence.

2. Plaintiff served McComb with a copy of a Summons and Complaint on August 13, 2020. *See* Exhibit A. This Notice of Removal is filed within thirty days of receipt of the Summons and Complaint and is thus timely under 28 U.S.C. § 1446.

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Western Division because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a), 104(b)(1).

4. This Court has original jurisdiction over this action—there is complete diversity of citizenship between Plaintiff and Defendant and more than $75,000 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

5. As the Plaintiff alleges damages in an amount "not less than $500,000.00," the amount in controversy exceeds $75,000. *See* Complaint at ¶ 28. Additionally, Plaintiff claims that McComb caused Ms. Bates to suffer physical pain and suffering and mental anguish. *See* Complaint at ¶ 26. Such claims for alleged serious and permanent injuries support a finding that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding amount in controversy to exceed $75,000 as plaintiff sought damages for medical expenses, physical pain and suffering, loss of wages and permanent disability and disfigurement for injuries sustained after falling in defendant's store); *Irons v.*

*Glaxo Welcome, Inc.*, 2006 WL 1272797, at *2 (S.D. Miss. May 9, 2006) (citing *Gebbia* and holding that amount in controversy requirement met based on plaintiff's claims for medical expenses, lost wages, physical pain and suffering and mental anguish arising from use of defendant's product).

6. Additionally, Plaintiffs' punitive damages claim meets the jurisdictional threshold. *See* Complaint at ¶ 29. Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the jurisdictional minimum. *Sun Life Assur. Co. v. Fairley*, 485 F.Supp.2d 731, 735 (S.D.Miss. 2007). As such, even without the claims for actual and compensatory damages, Plaintiff's claim for punitive damages in and of itself establishes the requisite amount in controversy.

7. Diversity of citizenship exists because Plaintiff alleges to be a citizen of Mississippi, and McComb is not a citizen of Mississippi. Complaint at ¶ 2. As set forth in detail below, McComb Nursing and Rehabilitation Center, LLC, is a Mississippi limited liability company whose members are all citizens of the State of New York. Therefore, McComb is a citizen of New York, not Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a LLC is that of all its members).

8. McComb Nursing and Rehabilitation Center, LLC's members are D&N, LLC, and DTD HC, LLC. D&N, LLC, and DTD HC, LLC, are New York limited liability companies. D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust. Mr. Bennett is a citizen of New York. The Norbert A. Bennett Children's Trust and the Norbert A. Bennett Grand-Children's Trust are traditional trusts. The trustee of the Norbert A. Bennett Children's Trust is Ronald Bennett, a citizen of New York, and the trustee of the Norbert A. Bennett Grand-Children's Trust is also Ronald

Bennett. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n. 6 (5th Cir. 2009) (citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee)).

9. DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust. Mr. Denz is a citizen of the State of New York. The Donald T. Denz Irrevocable Trust is a traditional trust, and the trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a citizen of New York.

10. In accordance with 28 U.S.C. § 1446(a), McComb has provided notice to Plaintiff by mailing Plaintiff's counsel a copy of this Notice and the state court Notice of Filing of Notice of Removal. McComb has also provided notice to the Clerk of Court for the Circuit Court of Pike County, Mississippi, through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action. *See* Exhibit B.

11. The allegations of this Notice are true and correct, and as such, this cause of action is removable to the United States District Court for the Southern District of Mississippi, Western Division.

This the 9th day of September 2020.

                Respectfully submitted,

                MCCOMB NURSING AND
                REHABILITATION CENTER, LLC

                By Its Attorneys,

                BUTLER SNOW LLP

                *W. Davis Frye*
                W. Davis Frye (MB No. 10671)
                Clay Gunn (MB No. 102920)
                Caroline C. Loveless (MB No. 105960)
                BUTLER SNOW LLP
                MAILING: Post Office Box 6010

           Ridgeland, Mississippi  39158-6010
           PHYSICAL: 1020 Highland Colony Parkway
           Suite 1400
           Ridgeland, Mississippi  39157
           Tel.: (601) 985-4277
           Fax: (601) 985-4500
           Davis.Frye@butlersnow.com
           Clay.Gunn@butlersnow.com
           Caroline.Loveless@butlersnow.com

## CERTIFICATE OF SERVICE

   I hereby certify that I have this day served the foregoing document with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record, including the following:

     Phillip C. Hearn
     HEARN LAW FIRM, P.A.
     Post Office Drawer 5009
     Jackson, Mississippi  39296-5009
     philliphearn@yahoo.com

     **ATTORNEY FOR PLAINTIFF**

   THIS the 9th day of September 2020.

              *W. Davis Frye*

54386271.v1

**IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI**

T. STEVEN BATES, INDIVIDUALLY, AND
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF MARY BATES                                  PLAINTIFF

V.                                                        CAUSE NO. 20-CV-00082

MCCOMB NURSING & REHABILITATION                                    DEFENDANT
CENTER, LLC

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that W. Davis Frye with the law firm of Butler Snow LLP hereby enters his appearance as one of the attorneys of record for Defendant McComb Nursing and Rehabilitation Center, LLC.

This 9th day of September 2020.

Respectfully submitted,

MCCOMB NURSING AND
REHABILITATION CENTER, LLC

By Its Attorneys,

BUTLER SNOW LLP

*W. Davis Frye*
W. Davis Frye (MB No. 10671)
Clay Gunn (MB No. 102920)
Caroline C. Loveless (MB No. 105960)
BUTLER SNOW LLP
MAILING: Post Office Box 6010
Ridgeland, Mississippi 39158-6010
PHYSICAL: 1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Tel.: (601) 985-4277
Fax: (601) 985-4500
Davis.Frye@butlersnow.com
Clay.Gunn@butlersnow.com

Caroline.Loveless@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document with the Clerk of the Court using the Court's MEC system, which sent notification of such filing to all counsel of record, including the following:

> Phillip C. Hearn
> HEARN LAW FIRM, P.A.
> Post Office Drawer 5009
> Jackson, Mississippi 39296-5009
> phillphearn@yahoo.com

**ATTORNEY FOR PLAINTIFF**

THIS the 9th day of September 2020.

/s/ Davis Frye
DAVIS FRYE

54542930.v1